Hon. Ronald B. Leighton

09-CV-05797-ORD



IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MAX J. ANDERSON, )<br>  )<br>  Plaintiff, )<br>v.  )<br>  )<br>CITY OF BAINBRIDGE ISLAND, et al., )<br>  )<br>  Defendants. )<br>_____ ) | No. C09-05797-RBL<br><br>STIPULATION PROTECTING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION AND [~~PROPOSED~~] ORDER |

Pursuant to Fed. R. Civ. P. 26(c), the parties, by and through their respective counsel of record, hereby stipulate that the following provisions shall apply to all discovery in this litigation.

1. The Complaint alleges that the defendant police officers and the City of Bainbridge Island caused or contributed to the injuries to plaintiff. Plaintiff claims damages for his own injuries and losses, arising from the defendants' actions and civil rights violations. Defendants deny these claims.

STIPULATION PROTECTING CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION AND
[PROPOSED] ORDER - 1

MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467-7500
FAX: (206)467-0101

2.   It may be necessary for plaintiff to provide confidential financial information and confidential medical records through discovery in this lawsuit, all of which are entitled to protection against improper disclosure to the general public. It may be necessary for defendants to produce confidential personnel files and disciplinary records of defendants Christopher and Roche, which, if disclosed to the public, may affect the privacy interests of those employees, and/or may cause embarrassment. Further, it may be necessary for defendants to produce confidential non-conviction data under RCW 10.97, and "Brady" or "potential impeachment disclosure" files and related records regarding specific officers.

3.   This Stipulation, when and as approved by the Court, is intended to govern all productions of confidential information and documents pertaining to this litigation.

4.   The following definitions shall apply to this Stipulation and Order:

4.1   "Party" or "parties" shall mean and refer to any party, plaintiff or defendants, in the above-captioned matter signatory to this Stipulation, including counsel of record for any party signatory to this Stipulation.

4.2   "Confidential Information" shall mean and refer to the plaintiff's medical and psychological records and information, and personal financial information and records, including bank account numbers and social security numbers and criminal and/or juvenile offender records confidential under Washington law and records of child protective services. It shall also refer to confidential personnel or disciplinary records and information, of the individual defendants and other employees of the agency defendants. It also refers to documents relating to criminal investigations that may cause embarrassment.

4.3   It also refers to "Brady" or "potential impeachment disclosure" records and information regarding specific officers. It also refers to information that a party in good

STIPULATION PROTECTING CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION AND
[PROPOSED] ORDER - 2



MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467-7500
FAX: (206)467-0101

faith designates as "Confidential" as set forth below. Upon good cause shown and/or a compelling reason, the Court may determine that certain information the parties designate as "Confidential" shall be redacted or filed under seal, as set forth below.

4.4 "Qualified persons" shall mean and refer to:

(a) The Court and Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial and/or trial of this action;

(b) Counsel of record for any party signatory to this Stipulation, including all partners and associate attorneys of that counsel's law firm;

(c) Employees, paralegal assistants, stenographic and clerical employees of counsel for the parties signatory to this Stipulation only when operating under the direct supervision of counsel;

(d) Plaintiff Max Anderson, defendants Guy Roche and Richard Christopher, and any other subsequently-named individual defendants;

(e) Defendants, and all managing agents of the agency defendants, who become involved in this litigation at the request of counsel of record and whose review of protected documents is specifically controlled by counsel;

(f) Potential witnesses who become involved in this litigation at the request of counsel of record and whose review of protected documents is specifically controlled by counsel;

(g) Experts or consultants employed by counsel of record for the purpose of assisting in these proceedings, preparation for trial and/or trial of this action;

(h) Defendants' risk managers and claims examiners of the defendants' insurance company or pool.

STIPULATION PROTECTING CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION AND
[PROPOSED] ORDER - 3



5. Any party to this action may proffer into evidence any Confidential Information at time of trial or by motion or otherwise and such Confidential Information may be introduced or shown to jurors and witnesses at the time of trial or on motion of any party, subject to normal evidentiary objections. In the event that any material designated as Confidential is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such confidential material shall maintain its confidentiality during such use, subject to the Court's guidance.

6. All documents, information and things deemed to contain Confidential Information under paragraph 4.2 above shall be brought within the protection of this Stipulation and Order by placing in a conspicuous place on every page containing confidential information the word "Confidential". The designating party shall specifically designate only those portions of records to be deemed confidential by highlighting sensitive information intended for protection with due regard to the Court's presumption favoring public access. Any such Confidential Information and documents shall be kept confidential and shall not be disclosed, used or copied except as set forth hereafter and in connection with preparation for the proceedings in the above-captioned matter and shall not be used for any other purpose. The term "documents" shall be defined to include all written, photographic, or electronic media, including computer printouts and computer storage devices such as floppy disks, extracts, summaries, attachments, and answers to requests for production.

7. Any deposition testimony deemed to contain Confidential Information shall be brought within the protection of this Stipulation and Order by orally designating on the deposition record the protected portion or portions or, within ten (10) business days of receipt of the transcript, by designating such portions by page and line number.

STIPULATION PROTECTING CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION AND
[PROPOSED] ORDER - 4


MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467-7500
FAX: (206)467-0101

8.  The designating party shall have the burden of proof regarding the confidential nature of designated documents and/or information.

9.  The parties shall resolve any disputes concerning the designation of any documents as "Confidential" as follows: the non-designating party shall challenge any designation of confidentiality by notifying the designating party in writing, specifically identifying the challenged item(s) as well as the basis for the challenge. If the parties cannot resolve the challenge after engaging in good-faith discussions, the designating party may seek an order of the Court with respect to the challenged information, documents, or things designated as "Confidential". Both plaintiff and defendants will treat all materials or information designated as "Confidential" in accordance with the requirements of this Order for ten (10) days after notice of a challenge to confidentiality and during the pendency of related motions. The parties further agree that before seeking any relief from the Court under this paragraph, they will make a good faith effort to resolve any disputes concerning the confidential treatment of any information.

10.  **Except as provided for herein, confidential documents and confidential information contained therein, shall not be communicated or disclosed in any manner, either directly or indirectly, to any person or entity.**

11.  Disclosure of confidential information and confidential documents may be made only to "qualified persons", as defined above, with the following additional limitations:

11.1  Expert witnesses and consultants retained by plaintiff or defendants must affirmatively agree to the terms and conditions of this Protective Order prior to review of any such documents, and execute a Statement of Confidentiality, identical to Exhibit A. Counsel shall retain such statements and make them available to other counsel

STIPULATION PROTECTING CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION AND
[PROPOSED] ORDER - 5



signatory to this Stipulation upon request, if a violation of the Order is reasonably believed to have occurred.

11.2   Non-party representatives of plaintiff and defendants may review confidential documents provided by the plaintiff or the defendants only as needed for the prosecution or defense of plaintiff's claims after executing a Statement of Confidentiality, identical to Exhibit A.  Counsel for the plaintiff and defendants shall retain such statements and make them available to other counsel signatory to this Stipulation upon request, if a violation of the Order is reasonably believed to have occurred.

11.3   Potential witnesses may review confidential documents only as needed for litigation of this case and under the supervision of counsel after executing a Statement of Confidentiality, identical to Exhibit A.  Counsel shall retain such statements and make them available to other counsel signatory to this Stipulation upon request, if a violation of the Order is reasonably believed to have occurred.

12.   When documents, briefs or memoranda containing Confidential Information are filed with the Court, the same shall be done in accordance with Local Rule CR 5(g)(1) and the U.S. District Court's CM/ECF procedures for the filing of sealed documents.  For confidential documents filed by hard copy, and which the Court has determined should be sealed for "good cause" shown (non-dispositive motions) or a "compelling reason" (dispositive motions), such documents shall be placed in sealed envelopes or other appropriately sealed containers on which shall be endorsed:

12.1   The words "SEALED CONFIDENTIAL";

12.2   The title of the action to which the contents pertain;

12.3   An indication of the nature of the contents; and

12.4   A statement substantially in the following form:

STIPULATION PROTECTING CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION AND
[PROPOSED] ORDER - 6



> "This envelope [or container] is filed pursuant to court order and protective order by [name of party] and contains confidential information. It is not to be opened or the contents thereof to be displayed or revealed except to the Court and to counsel of record signatory to the Stipulated Protective Order. The contents shall not be displayed or revealed to third parties except by Court order or by written agreement of all the parties."

The envelope or container shall not be opened, except as set forth above. The envelope shall then be returned to the Clerk of the Court, appropriately sealed, and endorsed as provided above.

    12.5    Should the Clerk's office require other procedures for filing "sealed" documents than set forth above, the parties shall follow those procedures in lieu of procedures set out in Paragraphs 12.1-12-4.

    13.    In all court filings and use of exhibits, all parties shall comply with "the Privacy Concerns" set forth in the U.S. District Court's CM/ECF Civil and Criminal Procedures and redact documents as necessary. In summary:

- Minors' names: Use only the minors' initials.
- Financial account numbers: Identify the name or type of account and the financial institution where maintained, but use only the last four digits of the account number.
- Social Security numbers: Use only the last four digits.
- Dates of birth: Use only the year.

    14.    <u>Miscellaneous</u>

    14.1    The information protected by this Protective Order is the substance of the Confidential Information, no matter what form the information is in or no matter how the information might be communicated, unless it loses its confidential status by becoming public during proceedings herein. The parties do not intend to in any way waive

STIPULATION PROTECTING CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION AND
[PROPOSED] ORDER - 7



MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467-7500
FAX: (206)467-0101

the assertion of confidentiality and hereby expressly reserve their rights to assert and preserve the confidentiality of any information disclosed in this Proceeding that is not designated as Confidential Information pursuant to this Protective Order.

14.2   Recipients of Confidential Information pursuant to this Protective Order shall exercise reasonable and appropriate care with regard to such Confidential Information to ensure that the confidential nature of the same is maintained.

14.3   If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure shall immediately bring all the pertinent facts relating to such disclosure to the attention of counsel for all parties, without prejudice to the rights and remedies of any party, and shall make every effort to prevent further disclosure by it or by the person who received such Confidential Information.

14.4   This Protective Order is made to facilitate discovery and the production of discoverable evidence in this action. Neither the entry of this Protective Order, the designation of any information as Confidential Information under the Order, the failure to make such designation, or the failure to object to such designation by any party shall constitute evidence with respect to any issue in this litigation. This Protective Order shall not abrogate or diminish any contractual, statutory or other legal right or obligation any party may have with respect to information disclosed in this matter.

14.5   Any party or person who knowingly violates this Protective Order may be held in contempt of this Court. The Court and parties preserve the right to order or seek an award of such other relief a is appropriate for such disclosure.

15.   No later than sixty (60) days following the conclusion of these proceedings, plaintiff and defendants agree to destroy or return all Confidential Information, documents,

STIPULATION PROTECTING CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION AND
[PROPOSED] ORDER - 8


MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467-7500
FAX: (206)467-0101

and things and all copies of same to the counsel producing such information and documents, at the election of, and expense of, the possessing party. To the extent that the information is embodied in and is inseparable from attorney work product, the recipient party may destroy the document or maintain confidentiality of such material in perpetuity. "Conclusion of these proceedings" refers to the exhaustion of available appeals, or the running of time for taking such appeals, or by settlement and dismissal with prejudice of all claims, as provided by applicable law. In the event that settlement is reached with fewer than all parties, the settling defendant(s) will destroy or return all Confidential Information, documents and things of all other parties within sixty (60) days of that settlement agreement. All other parties shall destroy or return all Confidential Information, documents and things within sixty (60) days of the conclusion of the entire proceedings.

16. The provisions of this Order shall not affect the admissibility of evidence at trial, summary judgment, or any preliminary evidentiary proceeding in open court.

17. The provisions of this Protective Order may be modified by the Court on its own motion after notice to the parties and an opportunity to be heard.

18. At this time, the Court specifically finds good cause and compelling reason to require the following information and documents protected from public disclosure, as follows:

(a) The plaintiff's medical or psychological information and medical or psychological records shall be redacted or filed under seal.

(b) All of plaintiff's financial records shall be redacted or filed under seal.

STIPULATION PROTECTING CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION AND
[PROPOSED] ORDER - 9



(c) Confidential documents from employees' personnel or disciplinary files shall be redacted or filed under seal.

(d) Confidential documents constituting non-conviction data under RCW 10.97, and documents from "Brady" or "potential impeachment disclosure" files and related documents that mention specific officers shall be filed under seal.

JOINTLY SUBMITTED this the 23rd day of April, 2010.

KEATING BUCKLIN & McCORMACK   MUENSTER & KOENIG

By: S/Mary Ann McConaughy
    Mary Ann McConaughy
    Attorney at Law
    WSBA No. _____
    Of Attorneys for Defendants

By: S/John R. Muenster
    John R. Muenster
    Attorney at Law
    WSBA No. 6237
    Of Attorneys for Plaintiff Max Anderson

STIPULATION PROTECTING CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION AND
[PROPOSED] ORDER - 10



MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE, SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467-7500
FAX: (206)467-0101

# ORDER

IT IS SO ORDERED this the 10th day of ~~April~~ May, 2010.

*[signature]*

Hon. Ronald B. Leighton
United States District Judge

STIPULATION PROTECTING CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION AND
[PROPOSED] ORDER - 11

MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467-7500
FAX: (206)467-0101

## EXHIBIT A

## STATEMENT OF CONFIDENTIALITY

The undersigned acknowledges receipt of the attached STIPULATION PROTECTING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION AND ORDER THEREON and that he/she has read and understands and agrees to be bound thereby.

Signed this _____ day of April, 2010.

_____
Signature

_____
Signature

STIPULATION PROTECTING CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION AND
[PROPOSED] ORDER - 12

MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467-7500
FAX: (206)467-0101

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 23rd day of April, 2010, a true and correct copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF system, to be served via CM/ECF on opposing counsel upon appearance.

S/Andi Anderson
Andi Anderson, Legal Assistant
Muenster & Koenig

STIPULATION PROTECTING CONFIDENTIALITY OF
DOCUMENTS AND INFORMATION AND
[PROPOSED] ORDER - 13



MUENSTER & KOENIG
JOHN R. MUENSTER, INC., P.S.
1111 THIRD AVE., SUITE 2220
SEATTLE, WASHINGTON 98101
(206)467-7500
FAX: (206)467-0101